FILED
2005 Feb-08  PM 02:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JAMES A. ELLIOTT, JR.** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) CV NO:_____ |
| **ALLTEL COMMUNICATIONS** | ) |
| | ) |
| Defendant. | ) |

### INTRODUCTION

This is an action brought by the Plaintiff for damages, attorney's fees and costs for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"). The Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama state law set forth herein.

### JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1332, 1337, and 1367. Declaratory relief is available pursuant to 28 U.S.C §§ 2201 and 2202.

2. Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a).

3. Venue is proper in that the Defendant transacts business in Jefferson County, Alabama, and the Plaintiff resides in Jefferson County, Alabama.

### FACTS

4. The Plaintiff, **James A. Elliott, Jr.**, is a resident and citizen of the State of Alabama and is over the age of twenty-one (21) years. He is a resident of Trussville in Jefferson County.

5. The Defendant, **Alltel Communications**, whose correct corporate status is unknown to the Plaintiff at this time, was, at all times relevant herein, conducting business in the state of Alabama and in Jefferson County.

6. The Defendant extended credit in the form of mobile phone service, account number TF439VC, to an individual assuming Plaintiff's name and identity, without the authorization of the Plaintiff.

7. Said account became delinquent and due.

8. The Defendant represented, and continues to represent, to national credit bureaus and other third parties that the Plaintiff is indebted to Defendant; that the Plaintiff is past due on the above-referenced account, and has not made timely payments.

9. Such statements are false and were false at the time made in that the Plaintiff never authorized, opened or used such account, never was indebted to the Defendant on such account, and never was late or past due on such account.

10. Plaintiff further advised Defendant that the debt was the result of fraud and forgery, and requested Defendant to provide any and all documentation supporting that the debt was Plaintiff's responsibility.

## COUNT ONE
## INVASION OF THE RIGHT OF PRIVACY

11. The Plaintiff adopts the averments and allegations of paragraphs 1 through 10 hereinbefore as if fully set forth herein.

12. The Defendant undertook and/or directed a series of communications to the home of the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama.

13. Said communications were systematic and continuous in number and made in disregard for the Plaintiff's right to privacy after repeated requests that the Defendant no longer contact him and after being repeatedly informed that Plaintiff did not owe any money to the Defendant.

14. Said communications were made to force, coerce, harass, frighten, embarrass and/or humiliate the Plaintiff into paying a debt he did not owe.

15. Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy.

16. The Plaintiff repeatedly and continuously denied any responsibility for the debt and requested the Defendant stop communicating with the Plaintiff.

17. The continued communications to the Plaintiff created emotional distress, physical illness, and mental pain and/or anguish.

18. Said communications constitute the wrongful intrusion into the Plaintiff's private activities, as well as an intentional intrusion into his solitude and seclusion.

19. As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiff to suffer worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, and/or anguish.

## COUNT TWO
## PLACED IN A FALSE LIGHT

20. The Plaintiff adopts the averments and allegations of paragraphs 1 through 10 hereinbefore as if fully set forth herein.

21. The Defendant created an account known as account number TF439VC in the Plaintiff's name and reported such account as belonging to the Plaintiff.

22. The Defendant held the Plaintiff, James A. Elliot, Jr., up in a false light and made undesirable and negative character and credit reputation remarks on or about the Plaintiff by either speaking or writing undesirable and negative character and credit reputation remarks about the Plaintiff which were offensive, untrue, and inaccurate, and which alleged the Plaintiff was in debt to Defendant and owed money to Defendant.

23. The Defendant knew that the Plaintiff was not responsible for the account and disputed the account, and that Plaintiff asserted the account was a fraudulent account. The Defendant knew this at the times they published such untrue and negative information.

24. The Defendant held the Plaintiff up in a false light and made undesirable and negative character and credit reputation remarks on or about the Plaintiff in the national credit reporting media and/or other third parties including collectors.

25. The conduct of the Defendant was objectionable to the Plaintiff and to any reasonable person.

26. The Defendant's actions were willful, reckless, wanton, and/or made with malice and resulted in the Plaintiff being unreasonably placed in a false light.

27. As a proximate cause of the Defendant's conduct, the Plaintiff was caused to have

negative credit reports, subjected to collection calls and activities, held up to public ridicule or shame, humiliated, made to suffer physically and mentally, and/or endure anguish, fear and/or fright.

## COUNT THREE
## DEFAMATION. LIBEL AND SLANDER

28. The Plaintiff adopts the averments and allegations of paragraphs 1 through 10 hereinbefore as if fully set forth herein.

29. The Defendant willfully, wantonly, recklessly and/or maliciously published and communicated false and defamatory statements regarding the Plaintiff.

30. Said statements have harmed the Plaintiff's credit reputation, and subjected the Plaintiff to collection efforts by attorneys and/or collectors.

31. Said false and defamatory statements have harmed the reputation of the Plaintiff and/or deterred third persons from associating with the Plaintiff.

32. The Defendant communicated to credit reporting agencies, and/or other third parties, false information concerning the Plaintiff, disseminating and imputing false and misleading credit worthiness information concerning the Plaintiff.

33. Said communications were made to national credit bureaus, attorneys, and/or collection companies.

34. Said communications were false in that Plaintiff was not indebted to the Defendant and Plaintiff was not obligated to the Defendant.

35. At the time said communications were made, the Defendant knew or should have known the falsity of the communication, or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully and/or maliciously communicated the falsity to another person or entity.

36. As a result of the intentional communication to the third parties of the false information, the Plaintiff was caused to suffer injury to his reputation and/or was subjected to ridicule.

37. Said communications were oral and/or written.

38. As a proximate consequence of said defamation, libel and slander, the Defendant has caused the Plaintiff to become physically ill with nervousness, nausea, loss of sleep,

stress, and/or to endure mental anguish and emotion stress for which he claims compensatory and punitive damages.

## COUNT FOUR
## RECKLESS AND/OR WANTON CONDUCT

39. The Plaintiff adopts the averments and allegations of paragraphs 1 through 10 hereinbefore as if fully set forth herein.

40. Defendant recklessly and/or wantonly extended credit to individuals who fraudulently used the identity of the Plaintiff and allowed the theft and fraudulent use of Plaintiff's identity.

41. Defendant recklessly and/or wantonly failed to investigate Plaintiff's claim of fraud and to remove Plaintiff's name in connection with the debt. This subjected Plaintiff to unnecessary credit collection/defamation.

42. Defendant recklessly and/or wantonly failed to adopt policies or procedures to govern its actions concerning the following:

    (A) The thorough investigation and resolution of consumer claims that accounts were fraudulently opened in the consumer's name and/or that accounts were fraudulently used, and to limit any damage caused to the victims of such fraud.

    (B) To make certain that the information disseminated to others (including the national credit bureaus and those credit grantors likely to use the information provided by those bureaus), is not false, neither libelous nor slanderous, and rises to the level of maximum accuracy.

    (C) To prevent the extension or granting of credit to individuals who fraudulently use the identity of others.

43. Defendant recklessly and/or wantonly failed to train its employees on its practices, policies or procedures concerning the following:

    (A) The thorough investigation of consumer claims that accounts were fraudulently opened in the consumer's name and/or that accounts were fraudulently used, and to limit any damage caused to the victims of such fraud.

    (B) To make certain that the information disseminated to others (including the national credit bureaus and those credit grantors likely to use the information provided by those bureaus), is not false, neither libelous nor slanderous, and

        rises to the level of maximum accuracy.

    (C)    To prevent the extension or granting of credit to individuals who fraudulently use the identity of others.

44.    As a result of Defendant's reckless and wanton conduct the following occurred:

    (A)    Unauthorized credit was extended in Plaintiff's name;

    (B)    Plaintiff's identity was stolen and used; and

    (C)    False, embarrassing, odious, misleading and negative information concerning the Plaintiff was disseminated to others (including the national credit bureaus and those credit grantors likely to use the information provided by those bureaus).

45.    As a proximate consequence of said reckless, willful and/or wanton conduct, the Defendant has caused the Plaintiff to become physically ill with nervousness, nausea, loss of sleep, and/or stress, and/or to endure family discord, anger, mental anguish and/or emotion stress for which he claims compensatory and punitive damages.

## COUNT FIVE
## NEGLIGENT HIRING, TRAINING AND SUPERVISION

46.    The Plaintiff adopts the averments and allegations of paragraphs 1 through 10 hereinbefore as if fully set forth herein.

47.    The Defendant, Alltel Communications, knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

48.    The Defendant knew or should have known that said conduct was improper.

49.    The Defendant negligently failed to hire, train and/or supervise employees and collectors in order to prevent said improper conduct.

50.    As a result of the Defendant's negligence, the Defendant has caused the Plaintiff to become physically ill with nervousness, nausea, loss of sleep and/or stress, to endure family discord, anger, mental anguish and/or emotional stress, and to lose his good credit and his good name for which he claims compensatory and punitive damages.

## COUNT SIX
## FAIR DEBT COLLECTIONS PRACTICES ACT

51. The Plaintiff adopts the averments and allegations of paragraphs 1 through 10 hereinbefore as if fully set forth herein.

52. The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff.

53. The Defendant violated §1692c(a)(1) by contacting the Plaintiff at a time or place Defendant knew or should have known was inconvenient to the Plaintiff.

54. The Defendant violated §1692c(b) by communicating with a third party without the Plaintiff's consent.

55. The Defendant violated §1692c(c) by continuing to communicate with the Plaintiff after receiving notice that the Plaintiff did not owe and refused to pay the debt or requested that the Defendant cease all further communications.

56. The Defendant violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in the following ways:

    (A) By using language the natural consequence of which is to abuse the hearer in violation of §1692d(2).

    (B) By repeatedly telephoning the Plaintiff with the intent to annoy, abuse, or harass the Plaintiff in an effort to coerce them into paying a debt in violation of §1692d(5).

57. The Defendant violated §1692e by making false and misleading representations to the Plaintiff. At the time the Defendant made these representations to the Plaintiff, the Defendant knew, or should have known, that said representations were false. Said representations made by Defendant were made recklessly, willfully, and/or intentionally.

58. The Defendant falsely represented or implied that nonpayment of any debt would result in the prosecution and/or court action when the Defendant did not intend to take such action in violation of §1692e(4).

59. The Defendant threatened to take action that could not legally be taken or which they did not intend to take in violation of §1692e(5).

60. The Defendant communicated to a person credit information which was known or which should have been known to be false in violation of §1692e(8).

61. The Defendant failed to communicate that a disputed debt was disputed in violation of §1692e(8).

62. In violation of 15 U.S.C. §1692g(b), after receiving written notification from the Plaintiff that the debt was disputed, the Defendant failed to cease collection of the debt, or any disputed portion thereof.

63. As a proximate result of the Defendant's actions, the Plaintiff was caused to suffer actual damages for worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and/or mental anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendant, Alltel Communications, as follows:

A. Declaratory judgment that Alltel Communications' conduct violated the FDCPA;
B. Actual, compensatory, and punitive damages for violation of the FDCPA;
C. Statutory damages pursuant to 15 U.S.C. § 1692k;
D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;
E. Compensatory and punitive damages in excess of the jurisdictional requirements of this Court, from Alltel Communications on Plaintiff's claims for damages under Alabama State Law claims;
F. Such other and further relief as the Court may deem just and proper.

_____
Charles J. Lorant (ASB-6465-O76C)

**OF COUNSEL:**
ALABAMA INJURY LAWYERS, P.C.
401 Office Park Drive
Birmingham, AL 35223
(205)870-9848

**THE PLAINTIFF DEMANDS A JURY BY TRIAL**

_____

Of Counsel

**SERVE DEFENDANT BY CERTIFIED MAIL AT:**

Alltel Communications
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109